George Andrews, J.,
delivered the opinion of the Court.
The Circuit Judge erred in instructing the jury *10 that “if the horse so stolen, was recently thereafter, found in the possession of the defendant, then, under such a state of facts, if they exist, the law presumes he is'the thief, and he should be found guilty under this indictment, unless he explains his possession, either by direct evidence, or by the attending circumstances 6r proof of his character and habits of life, or otherwise* and, if he was in possession of the horse of prosecutor, within a short time after he was stolen, (if you find that he Avas stolen,) and has introduced no proof at all to rebut the presumption, it becomes conclusive that his possession is a guilty possession. The presumption takes the place of plenary proof; in such case no doubt can exist, and the jury are bound to find in favor of the presumption.”
The possession of such a chattel as a horse, two months after the theft, is a circumstance to be considered by the jury, but it does not, even if unexplained, raise a conclusive presumption of the prisoner’s guilt. The jury may, and should, give it proper weight . as evidence, but the matter is for them; and they are not bound in' such a case, to convict the prisoner, unless they are upon the whole evidence, satisfied of his guilt.
The phraseology of the charge is objectionable, in so far as it seems to intimate that the prisoner must, himself, directly introduce explanatory evidence. The jury had a right to look to all the circumstances appearing in the case, .and brought out by .either party to determine whether any inference of guilt arising from the possession was counterbalanced.
The presumption is not conclusive, but disputable *11 and, therefore, to .be dealt with by the • jury, alone as a mere inference of fact.
"We are satisfed that an artifice was employed to induce the prisoner to go into the trial by concealing from him the fact that certain of the States’ witnesses were present, and inducing him to believe that they were not present, while, in fact, they were and had been concealed by the Attorney for the State. It is easy to see how a fraud might be practiced upon a defendant by this means; and whether the prisoner in this case actually was injured by the artifice or not, it is sufficient for us to see that he might have been, and that the practice, if permitted in the future, would open avenues for fraud and oppression.
The duty of the Attorney for the State, is to adduce all the legitimate proof of the prisoner’s guilt; but it is not his duty to endeavor to secure a conviction to which he is not entitled under legitimate evidence and fair practice. And, if a defendant cannot be convicted under this rule, the State has no interest to have him convicted. The Supreme Court of Michigan reversed a criminal case, for the reason that the District Attorney, knowing of evidence which would make in favor of the defendant, did not place it before the jury. Prosecuting officers must discharge their duty to the State, but not resort to stratagems to deprive the prisoner of his legal rights.
Let the judgment be reversed and the prisoner remanded.